# Hunter, Adm'r *v.* Law, Adm'r.

68 365
98 347

### *Final Settlement and Distribution of Decedent's Estate.*

1. *Funds derived from sale of lands by personal representative stand in place of the lands.*—A fund in the hands of an administrator on final settlement, which was derived entirely from the sale of the lands of his intestate, sold by him for division, is not personal assets, and is not subject to distribution among the next of kin, taking under the statute of distributions; but such fund stands in the place of, and represents the lands, passing to the heirs, as the lands would have descended, if they had not been sold.

2 *Same; widow can not participate in division of.*—The widow of an intestate can not participate in the division of a fund in the hands of the administrator, which was derived entirely from the lands of the intestate, sold by him for division.

3. *Homestead exemption to widow and minor children; character of the estate they take.*—Under the statute the homestead exemption to the widow and minor children of a decedent, is an estate carved out of the estate of the husband and father, and continues during the life of the widow and the minority of the children. Upon the expiration of such particular estate, the lands revert, by operation of law, to the heirs.

4. *Exemption of $1.000.00 worth of personal property to widow and minor children; character of interest taken in.*—The exemption of personal property of one thousand dollars to the widow and minor children of a decedent, when selected and allowed, vests in them the absolute title, the entire interest in the property so selected and allowed, free from the claims of creditors. But when the estate is solvent, this exemption is in the nature of an advancement to them, to be accounted for by them, on final settlement, as parts of their distributive shares, or of their legacies, if there be a will disposing of the entire estate.

5. *Same; when estate solvent, to be accounted for from personal, not real assets.*—When the estate is solvent, the widow and minor children of a decedent, receiving an exemption of personal property of the value of one thousand dollars, are liable to account therefor to their co-distributees, from the personal assets only, and not from real assets. Hence, where the only fund in the hands of an administrator on final settlement, was derived from a sale of his intestate's lands, sold for division, the amounts allowed to the minor children of the intestate on account of such exemption, can not be deducted from their shares in such fund.

APPEAL from Bullock Probate Court.

Tried before the Hon. J. B. FEAGIN.

In the matter of the final settlement of the account of Fleming Law, as the administrator of N. O. Glover, deceased, and distribution of the assets in his hands belonging to said estate among the intestate's heirs and distributees.

On the hearing of this cause, it was shown that N. O. Glover died on the 4th July, 1878, in this State, seized and

[Hunter, Adm'r v. Law, Adm'r.]

possessed of an estate consisting of real and personal property, and leaving him surviving his widow, and four children, as his only heirs at law and distributees ; that two of the children were, at the time of his death, and at the time of the settlement, minors, the other two being of full age ; that said administrator, soon after his appointment, filed in court, together with his inventory and appraisement, a schedule of personal property amounting in value to $1,000.00, which had been set apart as exempt to the widow and minor children of the intestate, the share of each being one third; that the funds in the hands of the administrator were all derived from the sale of the intestate's land, made by him under the orders of said Probate Court for division ; and that the estate was solvent.    It was further shown that Monroe Glover, one of the adult children of said intestate died on 5th July, 1880, and that John A. Hunter was appointed, and qualified as administrator of his estate.   The Probate Court decreed, among other things, as follows : "It is adjudged by the court, that the sum of money in the hands of the administrator for distribution, being the proceeds of the real estate sold for division among the heirs of said estate, the said sums $333.33⅓ received respectively by said minors, Eugene and William Glover, as aforesaid, are not proper charges against their distributive interests in the funds to be distributed, and that they be not held to account for the same upon this distribution."   Decrees were accordingly entered in favor of the minors, in the name of their guardian *ad litem*, for their full shares in the fund, without making any deduction on account of the exemption received by them.   From the decree this appeal was taken by John A. Hunter, as administrator of the estate of Monroe Glover, deceased ; and the ruling of the Probate Court above noted is here assigned as errror.

Fleming Law, for appellant.

N. B. Feagin, *contra.*

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The fund in the hands of the administrator was derived entirely from the sale of the lands of the intestate.   The sale was made, not for the payment of debts, but because otherwise there could not have been a fair and equitable division of the lands.   This fund is not personal assets, and is not the subject of distribution, in the proper, technical sense of that term, which refers only to a division of personal assets among the next of kin, taking under the

[Hunter, Adm'r v. Law, Adm'r.]

statute of distributions. The fund stands in the place of, and is the representative of the lands, passing to the heirs, as the lands would have descended, if they had not been sold. If one of the heirs had died leaving a widow, she would be dowable of the fund, and there is no event in which the widow of the intestate from whom the lands descended, can participate in the division of the fund. *Williamson v. Mason*, 23 Ala. 488; *Chaney v. Chaney*, 38 Ala. 35.

The statute carefully distinguishes the exemption of lands to a widow and minor children, from the exemption of personal property to them. The homestead is exempt to them during the life of the widow and the minority of the children. From the estate of the husband and father this particular estate is carved out, continuing until the children attain majority and the widow shall die. Upon the expiration of the particular estate, the land reverts, by operation of law, to the heirs of the deceased husband and father. There is an exemption of specified personal property to the widow and minor children, free from the claims of creditors, or distributees.—Code of 1876, § 2824. A further exemption is made them of personal property of the value of one thousand dollars, and the mode of selecting and separating it from other personal property is prescribed. This is taken free from the claims of creditors, but if the estate is solvent, on final settlement, it is to be accounted for as part of the distributive share of the widow and the minor children, or as a part of their legacy, if there is a will disposing of the entire estate. Code of 1876, § 2825. The absolute title, the entire interest in each exemption of personal property vests in the widow and minor children. There is not, as there is of the homestead, the carving out of a particular estate or limited interest, upon the expiration of which the property will revert. The exemption of personal property last referred to, is in the nature of an advancement when the estate is solvent. In anticipation of the shares of the personal assets distributable to the widow and minor children on final settlement, they take the exemption. On that settlement, they must account for it, as part of their distributive shares. It is the distributive shares of the personal assets only, of which it must be accounted as a part. It is in these assets only the widow can have a share, from which she could be compelled to account. And, as we have seen, as to the exemption of the homestead, there is an entirely different estate and interest created. All the words of the statute are appropriate, when applied to a distribution of personal assets, and can only be applied to real assets by giving them a loose, inappropriate significance. The application of them to a division of real

[Woodruff v. Hinson, Adm'r.]

assets must always enable the widow to escape from liability· to account for her share, while a liability would be fastened upon the minor children. When all the words of the statute are taken in connection, it is plain, the widow, or minor children are under liability to account to their co-distributees, because of the exemption of the personal assets they have received, from the personal assets only, and not from real assets. If the lands had not been sold,—if they had remained, decending to the heirs,—it would not have been suggested, that the estate of the minor children could be charged by any proceeding, in any forum, because there was a deficiency of personal assets, to equalize other distributees with them, when an account was taken of the personal assets only. The fund in the hands of the administrator stands in the place of the land, and the court of probate properly divided it as the lands would have been divided. There is no warrant in the statute, which would have justified any other division. And any other division would result in relieving ʹthe widow from all liability to account for the advancement of the personal property exempt, while the minor children would be subjected to the liability. The statute regulates and defines exemptions, and they must be taken and held as the statute appoints. If inequalities arise between those among whom equality may appear to be mere equity, the statute for its own purposes creates them, and courts have no power to relieve against them, if they are, in fact, inequitable.

Affirmed.