[Bynum *et al.* v. Frederick.]


# Bynum *et al.* v. Frederick.

*Bill in Equity to Foreclose Mor'gage.*

1. *Married woman as sole party.*—A married woman can not, unless relieved of the disabilities of coverture, maintain a bill in equity in her own name alone.

2. *Earnings of wife.*—The wife's earnings belong to the husband, and if used in the purchase of land, the title to which is taken in her name, the payment must be regarded as made by her husband, so far as the rights of his creditors are concerned.

3. *Stipulation in mortgage for payment of attorney's fees on foreclosure.* A stipulation in a mortgage providing for the payment of a reasonable attorney's fee, as part of the expenses of foreclosure, is legal, and may be enforced; but, when the mortgage authorizes a sale on default, and directs the payment, out of the proceeds, of "all costs of foreclosure, including attorney's fee," this refers only to a foreclosure by sale under the power, and does not authorize the allowance of an attorney's fee for filing a bill to foreclose.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellee, Penelope Frederick, against the appellants, Jack and Ellen Bynum, for the foreclosure of a mortgage, on certain lands embraced therein, made by appellants to appellee.

The original bill was filed in the name of appellee as sole complainant, and alleged, among other things, that the complainant was a married woman, the wife of one William Frederick, and that the mortgage was given to complainant by appellants to secure a note made by them to complainant.

The defendants demurred to the bill on the following grounds : " 1. The bill is filed in the name of a married woman. 2. The bill shows complainant is a married woman. 3. The bill showing complainant to be a married woman, should be filed in the name of a next friend. 4. The complainant being a married woman, as shown by the bill, has no right to sue in her own name in this court. 5. The bill does not show that the suit is in relation to the statutory separate estate of complainant."

The chancellor sustained the fifth ground of demurrer and overruled the balance ; thereupon, the complainant amended the bill by adding an allegation, that " the said note and mortgage were a part of the *corpus* of her statutory separate estate."

The defendants, who were husband and wife, filed separate

[Bynum *et al.* v. Frederick.]

answers, in which, among other things, it was alleged, that the deed for the lands embraced in the mortgage was made to defendant, Ellen Bynum, and that said lands were her separate statutory estate, and paid for by her earnings. The chancellor rendered a decree granting a foreclosure of the mortgage on the lands for the payment of the amount due on the note, and a reasonable attorney's fee, estimated at $40.00. The provision of the mortgage as to the attorney's fee is quoted in the opinion. The overruling of the demurrers of the defendants, numbered 1, 2, 3 and 4, and the said decree, are here assigned as error.

J. J. ABERCROMBIE, and R. M. VAUGHN, for appellant.

P. O. STEVENS, *contra.*

STONE, C. J.—The fourth ground of demurrer to the original bill ought to have been sustained. A married woman, not relieved of the disabilities of coverture, can not sue alone in a chancery court.—*Sawyers v. Baker*, 72 Ala. 49; *Sims v. National Commercial Bank*, 73 Ala. 248; *Skinner v. Chapman*, 78 Ala. 376.

There is nothing in the main question relied on in defense. The husband was entitled to the wife's earnings; and the payment for the lot, made with the wife's earnings, must be treated as a payment made by the husband, so far as the rights of the mortgagee, or other creditors of the husband are concerned.—*Shaeffer v. Sheppard*, 54 Ala. 244; *Carleton v. Rivers*, *ib.* 467; *Glaze v. Blake*, 56 Ala. 379; *McLemore v. Pinkston*, 31 Ala. 266.

The mortgage contains this clause : " But, if default be made in payment of either, [two notes described in the mortgage, and secured by it], then said Mrs. Penelope Frederick, her heirs or assigns, are hereby authorized to sell said lot at public outcry, after giving five days written notice, posted at door of court house in Lee county, Alabama. From proceeds pay all costs of foreclosure, including attorney's fee, and said secured notes, and account to us for balance." Under this clause the chancellor referred it to the register to ascertain and report a reasonable fee to complainant's solicitor for prosecuting this foreclosure suit. The report was made and confirmed, and the chancellor decreed its payment out of the mortgage fund.

A provision in a mortgage to secure and pay the expenses of foreclosure, including a reasonable attorney's fee, may be enforced.—1 Jones on Mort., § 635; 2 *ib.* 1606. There can be no question that if the foreclosure in this case had been

effected by advertisement and sale under the power contained in the mortgage, it would have been proper to charge on the fund a reasonable fee to counsel for superintending the sale, and perfecting the conveyance. Such charge would have been within the very letter of the contract. There was no attempt, however, to sell under the power contained in the mortgage; but the complainant seeks by bill to foreclose in the chancery court. Does the fee charged for this service fall within the terms of the mortgage? We think not.

It is not intended to decide that such charge could not be recovered, if the mortgage had made provision for it. All we decide is, that the mortgage in the present case is not comprehensive or specific enough to embrace it. The attorney's fee it provides for, is a reasonable fee to counsel, for perfecting such foreclosure as the mortgage by its express terms authorizes.

Reversed and remanded.