# Lehman, Durr & Co. *v.* Comer.

*Bill in Equity for Reformation of Mortgage, Account and Foreclosure.*

1. *Indefinite description of mortgaged property.*—*Held,* re-affirming the former decision in this case (87 Ala. 362), that a mortgage conveying "twenty head of mules and horses now in use on my said plantation," without other descriptive or identifying words, is void for uncertainty and indefiniteness. when it is shown that the mortgagor in fact had about thirty-six on the plantation at that time.

2. *Stipulation for payment of attorney's fees on foreclosure.*—A stipulation in a mortgage providing for the payment, out of the proceeds realized by a sale under the power, "of the expenses incident to the foreclosure of this mortgage, including a reasonable attorney's fee for the foreclosure of this mortgage and the collection of the debts hereby secured," applies only to the services of an attorney in and about a sale under the power, and not to a foreclosure suit in equity; but a further stipulation for the payment by the mortgagor of "the attorney's fees and other expenses which may be incurred by the said [mortgagees] in the collection of said several sums, by a foreclosure of the mortgage or otherwise, for the payment of which this conveyance is a lien," includes solicitor's fees for a foreclosure by suit in equity.

3. *Instructions to register, as to statement of account.*—In a foreclosure suit, on appeal from a decree of reference as to the matters of account, the failure of the chancellor to give specific directions to the register as to the manner of stating the account is not a reversible error, since it is to be presumed that the register will state the account according to law, and any error committed by him would be matter of exception and review.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 6th December, 1886, by Lehman, Durr & Co., commission-merchants in Montgomery, against J. F. Comer and H. M. Comer & Co., a partnership doing business in Savannah, Georgia; and sought principally the foreclosure of a mortgage on crops, mules, &c., executed by said J. F. Comer to complainants, and to hold H. M. Comer & Co. liable for some of the mortgaged property, which they had received, as alleged, with notice of the mortgage. The mortgage was dated May 19th, 1886, and recited an indebtedness of $7,000, evidenced

[Lehman, Durr & Co. v. Comer.]

by promissory note of that date, and falling due November 1st; and also purported to secure the payment of future advances that might be made during the year. A printed blank form was used, and the property conveyed was thus described, the italicized words showing the parts which were written: "The entire crops of corn, cotton, fodder, cotton-seed, and all other crops of every kind or description which may be made and grown during the present year on the lands in *Bullock and Barbour counties*, which *I am* cultivating, *or* causing to be cultivated during the present year, *to the extent of one hundred bales of cotton, which said cotton is to be the first cotton picked and raised on any of my said plantations, said cotton to weigh five hundred pounds average to the bale; any balance after the said one hundred bales he may mortgage to other parties; also, twenty head of horses and mules now in use on my said plantations.*"

An answer was filed by J. F. Comer, insisting that the mortgage covered only one hundred bales of cotton, and was entirely void as to mules and horses, for uncertainty of description, or other identifying words, because he had about thirty-six on his plantations when the mortgage was given. An answer was also filed by H. M. Comer & Co., admitting that they had received some of the cotton raised by J. F. Comer during that year, and still had a portion of it in their hands, but stating that they had sold the residue before notice or bill filed. After the coming in of these answers, the complainants amended their bill, by alleging that J. F. Comer, when applying to them for a loan, represented that he had only about twenty horses and mules, but could not give a particular description of them, and proposed to mortgage all he had; and praying a reformation of the mortgage, so as to make it express and include the true number. Afterwards, by consent of parties, entered of record, H. M. Comer & Co. were allowed to sell the cotton remaining in their hands, on execution of a bond with condition, in effect, to account for the proceeds of sale.

On the first appeal in the case, errors being assigned by each of the parties, this court held the mortgage void for uncertainty as to the mules and horses, and that it conveyed only one hundred bales of cotton, with enough of the other crops to supply any deficiency of cotton; and further, that H. M. Comer & Co. were chargeable with interest on the cotton received and sold by them before bill filed, but not on the cotton sold under the agreement.—*Comer v. Lehman, Durr & Co.*, 87 Ala. 362–70.

[Lehman, Durr & Co. v. Comer.]

The mortgage contained a power of sale "on default in the payment of said indebtedness hereinabove secured, or any part thereof, the proceeds of sale to be applied as follows: 1st, to the payment of the expenses thereof, including the commissions of the auctioneer (if one be employed), and expenses incident to the foreclosure of this mortgage, including a reasonable attorney's fee for the foreclosure of this mortgage and the collection of the debts hereby secured; 2d, to the payment of said sum of $7,000, with interest thereon, . . and any future advances which may be made. . . . It is further agreed that, should said Lehman, Durr & Co. make any advances, other than provided for in this mortgage, upon or after the receipt by them of any cotton or other crops, whether the same shall or shall not be covered by this mortgage, and on account of such shipment of cotton or other crops, such other advances shall be paid to them out of the proceeds of the sale of such cotton, before said *J. F. Comer* shall receive any credit therefor on this mortgage, or the debt secured thereby, and then shall be entitled to a credit for the balance of said proceeds only. And *I* further agree to pay the attorney's fees, and other expenses which may be incurred by the said Lehman, Durr & Co., in the collection of said several sums, by a foreclosure of the mortgage or otherwise, for the payment of which this conveyance is a lien."

In their bill the complainants asked an allowance for reasonable solicitors' fees incurred in the prosecution of the suit; and the chancellor, in the first order of reference, directed the register to ascertain and report what would be a reasonable fee. Under this reference, the register reported: "(4.) It is agreed by the solicitors of the parties, complainants and defendants, that the register shall not make any report as to solicitors' fees."

After the reversal and remandment of the cause on the former appeal, the chancellor rendered a decree and order of reference, as follows:

"It is ordered, adjuged, and decreed, that the complainants are entitled to relief, and to a foreclosure of the mortgage described in the pleadings. The opinion of the Supreme Court seems to have settled all questions involved in the case, and nothing is left now but for this court to carry out the suggestions and opinion of that court. The court has settled that, owing to misdescription of the mules, or rather indefiniteness of description, this property can not

be subjected to the payment of any part.of the debt; also, that the mortgage was intended to secure the debt to the extent of the value of one hundred bales of cotton, of the quality described therein, and no further; and that the other crops are bound only to the extent that the value of the one hundred bales shall be applied to the debt. As soon as the value of the one hundred bales is applied to the debt, then the other crops are discharged from the lien of the mortgage. It is determined, also, that in ascertaining the amount due on the mortgage debt, interest shall be charged in accordance with the agreement of the parties on file. It is therefore ordered, adjudged, and decreed, that the register hold a reference, and that he ascertain the amount of the mortgage debt, after the manner indicated; and that he ascertain the value of the one hundred bales of cotton, of the quality described in the mortgage, and how much of the same has been applied to the mortgage debt, and how much is still due after deducting such payment. He will also ascertain and report how much, and into whose hands, the other crops embraced in the mortgage have gone. It seems to be the opinion of the Supreme Court, that if the value of the cotton is sufficient to pay the debt, then the other crops are released, and that the other crops are bound only to the extent that the one hundred bales shall be applied to the debt. In stating the account, the register will observe the directions of the Supreme Court."

The complainants appeal from this decree, and here assign it as error, making the following specific assignments: (1.) "The court erred in not decreeing that the register should ascertain and report the amount of cotton, being a part of the cotton covered by the mortgage, which was received by H. M. Comer & Co., and the value of the same." (2.) "In not requiring the register to charge H. M. Comer & Co. with interest on the amount received by them for the portion of the mortgage cotton received and converted by them." (3.) "In not decreeing a foreclosure of appellants' mortgage on the mules owned by J. F. Comer at the time of its execution, which were not embraced in the previous mortgage to H. M. Comer & Co." (4.) "In not referring it to the register to ascertain and report what compensation should be allowed to complainants for solicitor's fees in foreclosing the mortgage." (5.) "The decree is too vague and uncertain to enable the register to make his report thereunder."

[Lehman, Durr & Co. v. Comer.]

TOMPKINS & TROY, for appellants.

G. L. COMER, contra.

McCLELLAN, J.—On the former appeal in this case (87 Ala. 362), the sufficiency of the description and identification of mules attempted to be embraced in the mortgage, and all the evidence in relation thereto, were fully, minutely and exhaustively considered in detail by the whole court; and we see no reason now for disturbing the conclusion then so deliberately reached, that the instrument was inoperative as to any mules belonging to the mortgagor, because of insufficiency and uncertainty of description. We, therefore, adhere to our former opinion on this point.

The question whether complainants are entitled to an allowance for attorney's fees paid, or agreed to be paid, for services rendered in the prosecution of this suit, is to be determined by reference to the terms of the mortgage. The instrument contains two stipulations in regard to attorney's fees. The first of these is a part of the stipulation authorizing the mortgagees to sell on default in the payment of the sum secured ($7,000) by the mortgage, after advertisement, &c., and the clause providing for an attorney's fee in that connection very clearly, we think, has reference to the services of an attorney in and about a sale made under the power, and not to services rendered in filing and prosecuting a bill of foreclosure in the Chancery Court.—*Bynum v. Frederick*, 81 Ala. 489.

The other stipulation is much broader. Its terms are: "And I further agree to pay the attorney's fees, and other expenses which may be incurred by said Lehman, Durr & Co. in the collection of said several sums, by a foreclosure of the mortgage, or otherwise, for the payment of which this conveyance is a lien." While this provision is in a clause of the mortgage which relates more especially to advances other than the seven thousand dollars, which constitutes the leading consideration for the conveyance, it very clearly, in our opinion, is not confined to attorney's fees paid in the collection of such other sums, but necessarily extends to the collection of all sums accruing to Lehman, Durr & Co. in the dealings contemplated and provided for in the instrument. Substantially the same stipulation was held to have this effect in the case of *Harmon v. Lehman, Durr & Co.*, 85 Ala. 379. Our conclusion, therefore, is, that the chan-

[Lawson v. Warren.]

cellor erred in holding that the complainants were not entitled to a reasonable attorney's fee for services rendered in the prosecution of this suit. It may be proper to add, that the chancellor appears to have been led into this error by an agreement of counsel entered on a former reference, to the effect that the register should not make any report as to solicitor's fees.

The objection that the chancellor should have given specific directions to be observed in taking and stating the account by the register, can not avail to reverse the decree, even conceding that such directions should have been given. In such case, it can not be said that any misdirection has been given, and hence error can not be predicated. It would be the duty of the register to take and state the account according to law, and any error committed by him in the admission or exclusion of testimony, or in the conclusions reached, would be matter for exceptions to his report, and of review by the chancellor. We can not assume that errors will be committed by the register, or that, if committed, they will not be corrected by the chancellor. See *Kirkman v. Vanlier*, 7 Ala. 217; *McCurdy v. Middleton*, at present term. On the contrary, we assume the account will be properly stated; and we do not deem it necessary, therefore, to amend the decree in effect, by determining, on this appeal, how the value of cotton for which H. M. Comer & Co. are chargeable should be ascertained. That matter is not before us.

The decree of the chancellor, for the error pointed out above, as to the claim for attorney's fees, is reversed, and the cause remanded.

Reversed and remanded.