# Bedell *v.* New England Mortgage Security Co.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Stipulation in mortgage for payment of attorney's fees.*—When a mortgage contains a power of sale on default, directing the payment of the costs and expenses and a reasonable attorney's fee out of the

[Bedell v. New England Mortgage Security Co.]

proceeds of sale, and a further stipulation that, "if it shall become necessary to employ an attorney to foreclose this mortgage, or collect any part of the debt herein secured, they [mortgagors] will pay such reasonable attorney's fees, and all other proper costs and expenses, that may be incurred by the party of the second part in that behalf, and this mortgage shall stand as security for the same;" a solicitor's fee can not be allowed for filing a bill to foreclose, unless a necessity is shown for resorting to that remedy instead of selling under the power.

2. *Cross-bill; when necessary.*—When a second mortgagee is made a defendant to a bill for the foreclosure of the first, and answers submitting himself to the jurisdiction of the court, and asking that his rights be protected, and his debt paid out of the proceeds of sale after satisfying the first mortgage; he can not have that relief, unless he files a cross-bill, or makes his answer a statutory cross-bill.

3. *Error favorable to one appellant; severance.*—When a decree is rendered in favor of one of two defendants, to the injury of the other, the former can not complain of it; nor is the error available to the latter without a severance.

APPEAL from the Chancery Court of Henry.
Heard before the Hon. JOHN A. FOSTER.

H. D. CLAYTON, for appellant.

J. W. FOSTER, *contra.*

STONE, C. J.—The bill in this case was filed by the New England Mortgage Security Company, and seeks to foreclose a mortgage on real estate, made to secure a debt to complainant therein described. The mortgage contains a power of sale on default, in the following language: "The party of the second part, its agent, attorney, or assignee, may enter upon and take possession of the real estate herein described, and proceed to sell the same at public outcry to the highest bidder, after first giving thirty days notice of the time, place and terms of sale, together with a brief description of the property", &c. The mortgage also contains this clause: "If it shall become necessary to employ an attorney to foreclose this mortgage, or collect any part of the debt herein secured, they [the mortgagors] will pay such reasonable attorney's fees, and all other proper costs and expenses, that may be incurred by the party of the second part in that behalf, and this mortgage shall stand as security for the same." The chancellor decreed that complainant was entitled to attorney's fees for filing and prosecuting this bill; and on reference to the register, the allowance was fixed at ten per cent. of the amount of the decree. The bill contains no averment of fact showing why it was necessary to resort to this chancery proceeding, instead of foreclosing the mortgage under the power of sale. In the absence of

[Bedell v. New England Mortgage Security Co.]

a sufficient showing therefor, complainant was not authorized to proceed in the Chancery Court, and charge the mortgagor with the expense of the suit. The mortgage contract contained a power of sale, and we must interpret the agreement to pay attorney's fees, to embrace only such fees as would be incident to foreclosure under that power, unless the averred facts should show that a foreclosure in chancery was necessary. *Bynum v. Frederick*, 81 Ala. 489; *Lehman v. Comer*, 89 Ala. 579.

The case last cited approved the ruling in *Bynum v. Frederick*, as applicable to one feature of the mortgage. Comer's mortgage, however, contained this further stipulation: "And I further agree to pay the attorney's fees, and other expenses which may be incurred by the said L., D. & Co. in the collection of the said several sums, by a foreclosure of the mortgage or otherwise, for the payment of which this conveyance is a lien." It will be observed that this language is essentially different from that found in the mortgage we have under consideration. In that case, the obligation was to pay "the attorney's fees . . . which may be incurred", &c. In this, the language is, "if it shall become necessary to employ an attorney," &c. Why was the qualifying word "necessary" employed? The mortgage contains a power of sale, and a sale under that power, unless some special facts exist, will vest as complete a title as would a sale under foreclosure in chancery.—3 Brick. Dig. 656, § 332. True, the mortgagee had the option, notwithstanding the power of sale in the mortgage, to foreclose in equity.— *Vaughan v. Marable*, 64 Ala. 60. That is not the question before us. The inquiry for us is, whether or not the mortgagors took upon themselves an unqualified obligation to pay the attorney's fee in a foreclosure in chancery. We must interpret their contract as they expressed it, and can not extend it beyond its terms. So interpreting the language, we can neither find, nor hold as matter of law, that they agreed to pay attorney's fees in a chancery suit, unless such suit was necessary to a proper foreclosure of the mortgage and the collection of the debt.

We can imagine many states of attendant facts which would render a chancery foreclosure necessary. Possibly, the case may be put in chancery by the mortgagors, or by some adversary claimant, which, *per se*, would demonstrate the necessity for an attorney; and in such contingency, a cross-bill for foreclosure might be appropriate and advisable. In such event, it would seem, the necessity for an attorney throughout the entire litigation would be self-evident. Possibly, the apparent necessity of allowing the mortgagee to bid and purchase, in

order to realize the full value of the property, or, possibly, some obstacle which requires equitable interposition to remove it, or, possibly conflicting equities, may furnish the requisite necessity. It is not for us to decide these questions, as the bill contains no averment which brings them before us. All we decide is, that to entitle complainant to recover attorney's fees for filing and prosecuting the chancery suit, the bill should aver some sufficient fact or facts showing why such form of foreclosure is necessary; and such averment, if denied, would become a question for proof and decision.

The bill shows that, after executing the mortgage to the New England Mortgage Security Company, the mortgagors executed a second, or junior mortgage, on the same land, to secure another debt to a third party. That debt, or the notes securing it, together with the mortgage given to secure its payment, had beeen transferred to one Dunton. The bill in this case averred these facts, and made Dunton a party defendant. Dunton answered the bill, admitting its averments to be true, submitted himself to the jurisdiction of the court, asking that his rights be protected, and that his notes be paid out of the proceeds of the land, "after satisfaction of first mortgage lien in favor of complainant, and prays to be hence dismissed with his proper costs." He neither filed a cross- bill, nor made his answer a cross-bill. The chancellor ascertained the amount due on the second mortgage, and decreed that it should be paid out of the proceeds of the land, after satisfying the first mortgage.

No affirmative relief can be obtained under an answer. It requires a cross-bill to do that.—*Ketchum v. Creagh*, 53 Ala. 224: *Davis v. Cook*, 65 Ala. 617; *Watts v. Eufaula Nat. Bank*, 76 Ala. 474. So, if this question were properly before us, we would reverse that part of the ruling which grants relief to Dunton.

The question, however, is not properly presented. Dunton, in whose favor that part of the decree was rendered, can not be heard to complain of it. Only, appellant, Bedell, was injured by that ruling, and she alone can assign it as error. There should have been a severance asked and obtained, and that error assigned by Bedell alone.

We have now noticed the two questions we deem material. The record in its present shape does not enable us to render a final decree which would do justice to the parties.

Reversed and remanded.