| 95 | 463 |
| 96 | 202 |
| 95 | 463 |
| 123 | 449 |

# Tompkins v. Drennen.

*Action for Money Had and Received, by Assignee of Mortgagor against Mortgagee.*

1. *Action for surplus proceeds of sale of mortgaged property und (r power.*—When land is sold under a power contained in a mortgage, and brings more than the amount of the mortgage debt, with interes

[Tompkins v. Drennen.]

and lawful charges, the mortgagor or his assignee may recover the proceeds by action for money had and received.

2.  *Stipulation in mortgage for payment of attorney's fees, or costs of collecting.*—When a mortgage contains a power of sale, and directs the proceeds to be devoted, first, "to the expense of advertising and selling, and all attorney's or solicitor's fees," while the secured note contains a provision that the mortgagor "shall pay all costs for collecting the above, not less than ten per cent., on failure to pay at maturity ;" a sale being made under the power, the mortgagee can retain only a reasonable fee for attorney's services rendered in connection with the sale.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

Action for money had and received, by D. M. Drennen against Henry B. Tompkins, on facts stated in the opinion. The case was submitted to the decision of the court without a jury, and the judgment for the plaintiff, to which an exception was reserved, is assigned as error.

ROQUEMORE, WHITE & McKENZIE, for appellant, cited *Chick v. Willetts*, 2 Kans. 384; *Round v. Donnell*, 5 Kans. 54; *Chambers v. Marks*, 93 Ala. 412; 1 Jones on Mortgages, §§ 71, 635; *Montgomery v. Crossthwaite*, 90 Ala. 553; *Harmon Bros. v. Lehman, Durr & Co.*, 89 Ala. 379; *Wood v. Winship Machine Co.*, 83 Ala. 424.

GILLESPY & SMYER, and WEBB & TILLMAN, *contra*, cited 2 Jones on Mortgages, § 1606; *Munter & Faber v. Linn*, 61 Ala. 492; *Bynum v. Frederick*, 81 Ala. 489; *Camp v. Randall & Co.*, 81 Ala. 281; *Reid v. Catlin*, 49 Wisc. 686; 48 Cal. 369; 6 Allen, 79; 123 Mass. 396; 37 Mo. 534; 87 Ill. 513.

WALKER, J.—The appellant, who was the defendant below, sold certain land in the city of Birmingham under a power of sale in a mortgage, which had been made to secure two promissory notes payable to himself. The principal and interest due on the notes at the date of the sale amounted to $29,013.31. The mortgaged property was sold for the sum of $32,000. Out of this sum the defendant retained the amount of the principal and accrued interest on the notes, the amounts of the advertising and auction fees, and also the sum of $2,901.33 as attorney's fees. The claim of the plaintiff is based upon his alleged right to the sum retained by the defendant as attorney's fees.

The uncontroverted evidence shows that, before the advertisement and sale by the defendant under the power in the mortgage, the mortgagors had sold the property covered by

the mortgage and all their interest therein to the plaintiff, and had executed a deed to him. The plaintiff, as the grantee of the mortgagors, and as the owner of the equity of redemption in the mortgaged property, is entitled to recover, in an action for money had and received, the surplus of the proceeds of sale remaining in the hands of the mortgagee, after deducting the amounts which, by the terms of the power of sale, were authorized to be applied to the payment of the secured debt and interest thereon, and of such expenses and charges incident to the execution of the power as are provided for therein.—*Webster v. Singley*, 53 Ala. 208 ; *Cook v. Basley*, 123 Mass. 396 ; *Buttrick v. Wentworth*, 6 Allen, 79 ; 2 Jones on Mortgages, § 1940. The question, then, is as to the right of the defendant to the sum retained by him as attorney's fees.

There is one provision in the mortgage itself for the payment of attorney's fees, and another and different provision on the same subject in the notes which were secured by the mortgage. The mortgage confers upon the mortgagee a power sell the property for cash, and to devote the proceeds of the sale "to the paying, first, the expenses of advertising and selling, and all attorney's or solicitor's fees." This is the extent of the provision in the mortgage on the subject. A clause in the following words is found in each of the notes : "It is further agreed that the undersigned shall pay all costs for collecting the above, not more than ten per cent., on failure to pay at maturity." The two provisions are separate and distinct, without any reference in the one to the other. There is an independent field of operation for each of them. A creditor whose demand is evidenced by the debtor's personal obligation, which is secured by a mortgage upon land, has the choice of foreclosing the mortgage upon the breach of the condition thereof, or of proceeding against the debtor without regard to the mortgage security. If either of the two resources should be exhausted without satisfying the demand, resort may be had to the other. Until the demand is satisfied, the creditor may seek at the same time, but by separate and independent proceedings, both the enforcement of the personal liability of the debtor and the foreclosure of the mortgage security. The power of sale in the mortgage affords a means of enforcing the security alone. In making a sale under the power, the creditor avails himself of a special provision for subjecting to the satisfaction of his demand only the property covered by the mortgage. The exercise of the power may involve the expense of attorney's or solicitor's

30

[Tompkins v. Drennen.]

fees. In the present case, the payment of such fees out of the proceeds of the sale is authorized by the terms of the power itself. This provision covers only such fees as are incident to the exercise of the power, and does not cover expenses incurred for fees for the prosecution of an action at law on the notes, or of a bill in chancery for the foreclosure of the mortgage.—*Bedell v. New England Mortgage Security Co.*, 91 Ala. 325; *Lehman v. Comer*, 89 Ala. 579; *Bynum v. Frederick*, 81 Ala. 489. The is nothing, either in the mortgage or in the notes, to show that it was the intention of the parties that the provisions in the notes on the subject of attorney's fees should apply in case of sale under the power; and, as the provision in the mortgage itself fully covers that contingency, and there are other and different contingencies in which the provisions in the notes as to the attorney's fees would be applicable, our conclusion is that those provisions do not cover the case of a sale under the power. The effect of the provision in the mortgage was to authorize the mortgagee to pay, out of the proceeds of the sale, a reasonable compensation for the services of an attorney or solicitor rendered in and about the sale made under the power. The plaintiff conceded that the defendant was entitled to retain the amount of such reasonable compensation. The evidence showed, without conflict, that seven hundred dollars was a reasonable fee, and the defendant was allowed a credit for this amount. The court properly rendered judgment for the balance of the sum which had been retained by the defendant as attorney's fees.

It seems that the result would have been the same, if the provisions in the notes could be regarded as applying to a sale under the power contained in the mortgage. In reference to the same provision in a note this court has said : "Stipulations to pay a given per cent. for the services of attorneys are held to import liability for reasonable compensation for legal services rendered in that behalf, not in excess of the amount limited. We do not think that the stipulation here is for more than this."—*Montgomery v. Crossthwate*, 90 Ala. 553-575. Similar provisions have been given a like effect in other cases.—*Munter v. Linn*, 61 Ala. 492; *Camp v. Randle*, 81 Ala. 240. Contracts for the payment of attorney's fees are recognized as legitimate, when their operation is to provide for the reimbursement of the creditor who, in consequence of the debtor's default, has been put to the expense of employing an attorney to render services in the enforcement of his demand. Such

[Dexter v. Ohlander.]

stipulations must become convenient cloaks for usury, whenever they are allowed to serve other purposes than the indemnity of the creditor for the expenses so incurred, and when, under the guise of a fee which the creditor has neither paid nor become liable to pay, he may really secure to himself compensation beyond legal interest for the with-holding of the amount due to him. The defendant in this case is a lawyer, and rendered the legal services incident to the sale, except that his partner prepared the advertisement notice. The defendant retained the ten per cent. himself, and it is not shown that any other attorney claims or is entitled to any part of it.

Affirmed.