# Perry *v.* Seals.

## *Assumpsit.*

(Decided February 3, 1914.  Rehearing denied May 14, 1914. 65 South. 151.)

1. *Mortgages; Foreclosure; Recovery of Excess; Remedy.*—Where the mortgagee purchased at the foreclosure sale, the mortgagor may recover as for money had and reecived, the excess of the successful bid above the sum necessary to satisfy the mortgagee's demand.

2. *Same; Attorney's Fees.*—Where the mortgage itself did not provide for attorney's fees in case of foreclosure, the fact that the notes secured by the mortgage provided for attorney's fees for their collection would not justify the allowance of attorney's fees upon foreclosure.

3. *Appeal and Error; Harmless Error; Favorable to Appellant.*—Error in allowing attorney's fees for foreclosing a mortgage, the

[Perry v. Seals.]

mortgage not providing therefor, was favorable to appellant, where appellee sued him to recover the excess of the amount bid at the sale over the mortgagee's proper demand, and hence, was harmless.

(de Graffenried, J., dissents.)

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Assumpsit by Robert L. Seals, as administrator against Frank M. Perry, to recover the excess of the amount brought at mortgage sale over the mortgagee's proper demand. Judgment for plaintiff and defendant appeals. Affirmed.

GEORGE P. JONES, for appellant. The purchase money was the mortgage debt and costs of foreclosure without regard to what the mortgagee may have bid, and without regard to what may be the expression of consideration in the deed.—*Bean v. Pearce*, 151 Ala. 165. Even the overturning of the decision in the opinion in that case did not affect this case.—*Farrior's Case*, 92 Ala. 176; *Norwood's Case*, 149 Ala. 151. It must be shown that money or something of value at an estimated price was had for the land, otherwise no recover can be had in this action.—*Fuller v. Duren*, 36 Ala. 73; *Smith v. Jernigan*, 83 Ala. 256. The pendency of the proceedings for redemption was competent.—*Hungerford v. Moore*, 65 Ala. 232; *M. & M. R. R. Co. v. Felrath*, 67 Ala. 89. Attorney's fees were recoverable.—*Thompson v. Drennen*, 95 Ala. 463; *Cowan v. Campbell*, 131 Ala. 211.

JOSEPH H. NATHAN, for appellee. The court properly sustained the action for money had and received.—*Burton L. Co. v. Wilder*, 108 Ala. 673; *Hitchcok v. Lukin*, 8 Port. 233; *Huckabee v. May*, 14 Ala. 263. The surplus belonged ex aequo et bona to plaintiff.—*Stewart v. Conner*, 9 Ala. 803; *Hughes v. Stringfellow*, 15 Ala. 324. The mortgage did not provide for attorney's fees, and the

fact that the notes so provided did not authorize the charge.—*Seed v. Brown,* 60 South. 98; *Mortgage Co. v. Pollard,* 103 Ala. 289; *Thompkins v. Drennen,* 95 Ala. 463; *Bedell v. Mtg. Co.,* 91 Ala. 325.

McCLELLAN, J.—F. M. Perry (appellant) loaned appellee's testator, C. C. Seals, $11,500 on five different occasions, took five promissory notes therefor and a distinct mortgage on real estate to secure the payment of each note. Default having been made by the mortgagor, the mortgages were all foreclosed at one sale under the power of sale in each provided. At the date of the sale the combined principal and interest, in the aggregate, was $12,905.33. At the single foreclosure sale under the power the mortgagee was the highest bidder at his bid of $14,000—a sum in considerable excess of the mortgage debts and the accrued, aggregate interest on them. In the several notes provision was expressly made for attorney's fees for their collection. In each of the mortgages, after providing for a foreclosure sale, it was stipulated that the proceeds thereof should be devoted to the expense of "advertising, selling, and conveying" the land; there being no provision in any of the mortgage instruments for an attorney's fee for their foreclosure. The mortgages also provided that the surplus, if any, remaining after paying the mortgage debts and interest and stipulated costs and expenses, should be paid to the mortgagor.

This action—stated in the common counts for *money had* and received and money received for the use of the testator—would recover the difference between the sum bid by appellant and the sum composed of the aggregate of the principals and interest of the several mortgage debts and the costs.

Appellant's first insistence is that the court erred in its conclusion, appropriately invited and invoked, that

the minuend should have been the amount of the principals and interest, viz., $12,905.33, according to the doctrine announced in the case of *Bean v. Pearce*, 151 Ala. 165, 44 South. 83, in which event there would be no *excess* to be claimed or recovered.

*Bean v. Pearce* involved the sufficiency of a bill in equity to effect statutory redemption *from the mortgagee* who purchased the property at the foreclosure sale at a sum in excess of the amount of the mortgage debt, interest and costs; and the particular point of objection to the bill's sufficiency was that it omitted to offer to pay a sum comprehensive of the *amount* bid by the mortgagee at the foreclosure sale. The decision has been carefully reviewed by the full bench. The court is now of the opinion that the *conclusion* attained and effected in *Bean v. Pearce* was sound, though for the *sole* reason that it would have been an useless ceremony to require the proposed (statutory) redemptioner to offer in his bill to pay and to pay to the purchasing mortgagee a sum equal to the difference between the amount of the mortgage debt, and interest and costs, *and* the amount *bid* by such purchaser, since that sum, for the purposes of the particular redemption there sought, was to be treated as in the hands of the purchasing mortgagee.

The consequence is that the announcement, in the majority opinion, whereby it was affirmed that "the purchase money, when the mortgagee as here purchases at his own sale, is the amount due upon the mortgage indebtedness, and not such as he may have bid in excess of that amount," was and is inaccurate; and to that extent the holding in *Bean v. Pearce* is modified. What is the *purchase* money at a foreclosure sale is and must be the same in nature, whether the inquiry arises on redemption or in an action to recover the *excess* above the sum to which the mortgagee was entitled to satisfy his demand and the legal costs and charges incurred.

The right of the appellee to recover the *excess* in the form of action here employed is not to be doubted.— *Tompkins v. Drennen,* 95 Ala. 463, 10 South. 638.

It is insisted that there was error in the action of the trial court in refusing to admit evidence tending to show what was a reasonable attorney's fee for conducting the foreclosures of the mortgages in question, and to that extent to toll the measure of the recovery sought.

In *Thompkins v. Drennen, supra,* Justice Walker writing for the court, it was expressly ruled, in announcement of a general doctrine, that a proceeding to foreclose a mortgage was not an action upon or under the note or notes the mortgage was given to secure, for "the power of sale in the mortgage affords a means of enforcing the securty *alone"*—not the note or notes to secure which the mortgage was given. So, under this doctrine, the provisions in the notes in the cause at bar for attorney's fees afford no authority or warrant for the allowance or imposition of attorney's fees for the foreclosures of the mortgages. There were no provisions in the mortgages for attorney's fees for conducting the foreclosures. The omission to provide therefor *in the mortgages,* as is the custom, necessarily forbids the adoption of the view that it was intended to so provide by mere implication from the employment of the terms quoted before in this opinion. To warrant a charge of that nature against the mortgagor the provision therefor must be clear—must not be left in inference. Hence the trial court was in error in allowing an attorney's fee for "conveying"; but this error was favorable to the appellant (defendant), and he cannot invoke a reversal because thereof.

The bill exhibited by Robert L. Seals, executor, against Rogers, et al., seeking to effect statutory redemption from this foreclosure sale, was entirely immaterial to

any issue in this litigation. That bill was dismissed.—
*Seals v. Rogers,* 172 Ala. 651, 55 South. 417. There is
no contention in this case that statutory redemption
was pending or has been effected.

The judgment is affirmed.

Affirmed. All concur, except DE GRAFFENRIED, J., who
dissents.