99 So.2d 190

**J. P. WILSON et ux.**

**v.**

**Flossie Wilson CROCKER.**

**5 Div. 683.**

Supreme Court of Alabama.

Dec. 19, 1957.

---

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellants.

Speaks & Burnett, Clanton, for appellee.

MERRILL, Justice.

This appeal is from a decree overruling demurrer to an amended bill of complaint seeking to foreclose a mortgage. The only point argued here is that the lower court erred in overruling the demurrer to that aspect of the bill seeking attorney's fees.

■ The demurrer went to that aspect of the bill seeking attorney's fees, but the decree adjudged "that the demurrer of defendants be and the same is hereby overruled and the defendants are given 20 days in which to answer, if advised to do so." The decree of the court was general. There was no ruling on the demurrers to the aspects. Such a decree constitutes only a ruling on the demurrer to the bill as a whole and we consider only grounds going to the bill as a whole which are argued in brief for appellants. Davis v. Davis, 263 Ala. 42, 81 So.2d 314; Williamson v. Burks, 262 Ala. 422, 79 So.2d 42.

■ Since the only grounds of demurrer argued are those going to the aspect of the attorney's fees, we must affirm the decree of the lower court.

However, only one point is argued, and we can settle it now rather than on a later appeal, and, with that in mind, we proceed to express our views on the single question presented in the argument.

The bill avers that no payments were made on the note or the mortgage which secured the indebtedness. Paragraph (7) of the amended bill reads:

"(7) Complainant avers that the note or mortgage referred to herein, copies of which are attached to this bill of complaint, provide for a reasonable attorney's fee for their collection, which complainant hereby claims."

■ The general rule is that where the mortgage merely provides that the mortgagee may sell the premises at public outcry, and from the proceeds pay all the costs of foreclosure, including an attorney's fee, no attorney's fee can be recovered in a suit in equity to foreclose; it being held that the provision thereof is confined to the sale made in the exercise of the power. Bynum v. Frederick, 81 Ala. 489, 8 So. 198; Tompkins v. Drennen, 95 Ala. 463, 10 So. 638; Cooper v. Parker, 176 Ala. 122, 57

So. 472; Seed v. Brown, 180 Ala. 8, 60 So. 98; O'Neal v. Lovett,. 197 Ala. 628, 73 So. 329; Thomas v. Barnes, 219 Ala. 652, 123 So. 18; Hylton v. Cathey;.225. Ala. 605, 144 So. 579.

Appellants contend that the general rule applies to the instant case and cites Tompkins v. Drennen, 95 Ala. 463, 10 So. 638, and Perry v. Seals, 186 Ala. 514, 65 So. 151, for the proposition that "the fact that the secured notes provides for attorney's fees for their collection would not justify the allowance of attorney's fees for the foreclosure of the mortgage in equity if the mortgage does not provide for such fees."

Appellee cites only one case, that of Skidmore v. Stewart, 199 Ala. 566, 75 So. 1, 2, where it was said:

"While the mortgage deed provides only for the expenses of a sale under the power, the note provides for an attorney's fee for its collection if it be not paid at maturity. A foreclosure suit in chancery is one of the legal methods of collection, and complainant is entitled to a reasonable allowance for his solicitor's fee in that behalf, herein incurred or expended. Stephenson v. Allison, 123 Ala. 439, 449, 26 So. 290. And, of course, the default in the payment of the secured debt sufficiently exhibits a necessity for a suit and its attendant expenses. It is to be observed that the bill does not aver a stipulation based upon a conditional necessity for foreclosure in chancery, but only for collection by an attorney. The case is therefore distinguishable from that of American Freehold Land Mortgage Co. of London v. McCall, 96 Ala. 200, 11 So. 288.

"If this were an attempt to recover an attorney's fee incidental to a foreclosure under the power in the mortgage, it would be denied, because the mortgage makes no provision therefor, and the provision in the note does not relate to an ex parte proceeding for the mere subjection of the security to the debt. Tompkins v. Drennen, 95 Ala. 463, 465, 10 So. 638; Perry v. Seals, 186 Ala. 514, 65 So. 151."

It is obvious that Justice Somerville saw a distinction between the Skidmore case and the two cases cited at the close of the quoted portion of the opinion and by the appellants in the instant case. Certainly, the Skidmore case is the perfect authority for the appellee here. We have examined the original record and we find many similarities. Both are bills to foreclose a mortgage in equity. The note and mortgage are made parts of the bill in each case. The notes in both cases provide for reasonable attorney's fees as a cost of collection. The mortgages in both cases provide only for the expenses of sale under the power of the mortgage. It is certain in each case that the note, which is set out verbatim in the bill, is the same note which is described in the mortgage. The bills in both cases alleged that the note and mortgage were in default. In both cases, the demurrers raise the objection that the complainant is not entitled to collect attorney fees.

It is a settled principle that the foreclosure of a mortgage on lands, after default, is per se a matter of equitable jurisdiction and presents a case of original independent equity. Evans v. Leeth Nat. Bank, 245 Ala. 433, 17 So.2d 161.

While the opinion in the Skidmore case does not clearly distinguish it from Tompkins v. Drennen and Perry v. Seals, supra, we think we have mentioned some of the distinguishing features. We, therefore, hold that the general rule and the rule of the Tompkins case and the Perry case, as to attorney's fees, where the mortgage does not provide for such fees except to foreclosure under the power in the mortgage, does not apply in a situation where a bill is filed in equity to foreclose the mortgage, and both the mortgage and the note it secures are set out in the bill, or made exhibits thereto, and the note or the mort-

gage provide for the payment of a reasonable attorney's fee, if such is incurred in the collection of the debt.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.