171 So.2d 101

**Louise BARTON**

v.

**Estelle LUMPKIN et al.**

**6 Div. 50.**

Supreme Court of Alabama.

Jan. 21, 1965.

Norman E. Moon, Birmingham, for appel-, lant.

Ross, Ross, & Ross, Bessemer, for appellees.

PER CURIAM.

Appellee, Estelle Lumpkin, filed her bill of complaint in the Circuit Court of Jefferson County, in Equity, Bessemer Division, against appellant, Louise Barton, to quiet title to a small area of real estate in Jefferson County. The complaint contained the usual statutory averments required by § 1109, Title 7, Code 1940.

Respondent filed an answer and cross-bill admitting the jurisdictional averments of the complaint, but denying that appellee was the owner of the described area; also she contended that if appellee was in possession of the premises, such possession was not peaceful.

By the cross-bill, B. E. Maloy, doing business as B. E. Maloy & Company, was made party respondent. It was averred that said Maloy purportedly loaned U. B. Barton, husband of appellant, the principal sum of $75.-00, on July 19, 1948, and took a mortgage on the subject real estate for $121.50, in which mortgage appellant (wife of said Barton) did not join in the execution, but which was fully repaid by said Barton before he died in 1961; that under the terms of the mortgage, the indebtedness fully matured on October 12, 1948, but no action was taken to foreclose the instrument until 35 days after the death of said Barton; that on November 13, 1961, said Maloy assigned said mortgage to appellee, Louise Lumpkin, who foreclosed and became the purchaser. The cross-bill further alleged that the mortgage was barred by the statute of limitations of ten years.

The cross-complainant prayed a decree declaring said mortgage void and of no effect; that the foreclosure of said purported

mortgage be declared void and of no effect; that the auctioneer's deed to appellee also be declared void and of no effect.

The trial court, hearing the testimony ore tenus, made findings of fact as follows:

"* * * Court makes the following finding of fact: that said realty, the subject of this suit and which is described as follows, viz:

"(Description here omitted.)

was not the homestead of U. B. Barton on July 19, 1948, which date July 19, 1948 was the date of execution and delivery of the mortgage and note in this case; that said mortgage and note was (sic) duly executed for a valuable consideration to (sic) said U. B. Barton, deceased; that said mortgage was duly transferred and assigned by said B. E. Maloy, doing business as Maloy & Company to the complainant for a valuable consideration; that there was an unpaid balance on said mortgage at the time of its assignment to the complainant, and said mortgage was in default and was duly and legally foreclosed by the complainant and the complainant is the owner of the legal title to the above described realty; that Louise Barton, the original respondent, from the evidence, is the surviving widow of said U. B. Barton, deceased, and entitled to a widow's dower in the above described property; that the original complainant was in the peaceable constructive and actual possession of said land, claiming to own the same in her own right at the time of the filing of the bill in this case, and that the land above set out is a correct description of the property in dispute; that the original respondent, Louise Barton, disputed claimant's title and claimed to own some right, title or interest in said land as set forth in the pleadings in this case; * * *." (Par. Added.)

The court thereupon rendered a final decree in part as follows:

"It is therefore, ORDERED, ADJUDGED AND DECREED, by the Court as follows:

"1. That the entire dower right of the original respondent, Louise Barton, in said land, is $50.00, which the original complainant, Estelle Lumpkin, is ordered to pay into Court to the Register of this Court, which sum of $50.00 is to be paid by such Register to Louise Barton or her attorney of record.

"2. That the said Estelle Lumpkin is the owner of the legal title to said land.

"3. That Louise Barton is denied any relief as to or against the Cross-respondent, B. E. Maloy and B. E. Maloy doing business as B. E. Maloy, or B. E. Maloy doing business as B. E. Maloy & Company, and said cross-respondents as set forth in this paragraph are hereby discharged."

The effect of the decree is that the mortgage was effective and valid; that the foreclosure deed was effective and valid; that appellee, Estelle Lumpkin, is the owner of the legal title to the subject land; and that Barton had no homestead rights to said land at the time of his death. The assignments of error challenge the above effects and present no other issues.

■ A cardinal rule of this court, which we have consistently observed for many years as shown by numerous decisions, is that the finding of a judge or chancellor on conflicting evidence, where heard ore tenus, will not be disturbed unless plainly and palpably wrong. Cox v. Parker, et al., 212 Ala. 35, 101 So. 657(21); Alabama Digest, Appeal and Error, ☞ 1009(3).

■ We have carefully examined the evidence and find that it is in conflict on the issues presented. The findings of fact by the trial court are supported by evidence. We are unwilling to say that the findings by the court were plainly and palpably wrong. The truthfulness of the witnesses

 

on the conflicting factual issues was addressed to the judgment of the chancellor, who found contrary to the contentions of appellant. Appellant is bound thereby.

The lapse of time between the maturity of the mortgage from Barton to Maloy and its foreclosure is not available to appellant as a defense. The lien created by the mortgage or the title conveyed thereby is not affected by a statutory limitational bar of the debt which the mortgage secures. Rives v. Cabel, 213 Ala. 206, 104 So. 420(2).

" * * * 'The statute of limitations does not operate to prevent the foreclosure of a mortgage on lands. It is only when the mortgage debt has been due for a time sufficient to raise a presumption that the same has been satisfied that mere delay will furnish a defense to a bill for such foreclosure, and that time is ordinarily 20 years' * *.'" Shockley et al. v. Christopher, 180 Ala. 140, 142, 60 So. 317. See also: Title 47, § 174, Code 1940.

The time element between the maturity of the debt from Barton to Maloy, secured by the mortgage here in issue, was less than 20 years, namely, from to wit, October 12, 1948, to December 11, 1961.

The trial court having found as a fact that the real estate here involved was not the homestead of Barton on July 19, 1948, the date of the execution and delivery of the mortgage, legal title passed under the mortgage, subject to the dower rights of appellant. Phillips et al. v. Smith, 214 Ala. 382, 107 So. 841(4). An occupancy of the premises as a homestead by Barton when he executed and delivered the mortgage here in question would have precluded the passing of title under the mortgage because appellant failed to join in its execution. Phillips et al. v. Smith, supra (2). The facts under the evidence as found by the trial court refute such occupancy.

The several assignments of error are without merit. The decree of the trial court is free from error under the assignments and is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and COLEMAN, JJ., concur.