The Circuit Court of Mobile County granted the defendant-insurance company's motion for summary judgment. The plaintiff-insured appeals and contends that the record before the trial court contained a scintilla of evidence creating a genuine issue of a material fact.
We find such genuine issue of a material fact to exist and reverse.
The plaintiff ultimately brought suit against the defendant insurance company claiming benefits due from a hospitalization policy issued by the insurance company to the plaintiff. The insurance company defended on the grounds that the plaintiff's medical problems pre-existed the effective date of the policy.
The pertinent provisions of the policy, relied upon by the insurance company, are as follows:
 "C. Pre-existing conditions. — Benefits hereunder shall not be available to any Member for any condition . . . congenital or otherwise, either (1) which existed on or before the Effective Date of such Member's coverage hereunder, whether then manifested or known in any way or not . . unless and until such Member shall have been covered by this Contract . . . for a period of nine (9) consecutive months immediately preceding the date of the commencement of the hospitalization . . ."
Our review of the record reveals the following. The plaintiff applied to the insurance company for insurance. Her policy became effective on September 1, 1975. Thereafter, in September, she was examined by her physician. This examination was what might best be described as a pelvic examination. In November or December, the plaintiff was again seen by her physician who again made a pelvic examination. It should be noted at this point that the plaintiff was experiencing some menstrual problems. However, the physician reported no abnormal or unusual finding during these examinations. In January, the plaintiff was again seen by her physician. A pelvic examination was performed and the plaintiff's physician apparently for the first time discovered what he believed to be a right ovarian lesion. Two subsequent examinations were performed wherein the mass was still present. The plaintiff's physician recommended hospitalization and a pelvic laparotomy for removal of the mass.
The operation was performed and it was discovered that there was no right ovarian lesion. It was, however, discovered that the plaintiff had a congenital absence of a right Fallopian tube and ovary. It was further discovered that the plaintiff had what is described as a pelvic kidney on her right side. This condition might best be described as a "misplaced" kidney. Put another way, the right kidney was not located where the majority of people's right kidneys are located. We note, however, that this kidney functions properly.
The record, to this court, reveals further that plaintiff's physician on previous examinations, as indicated above, mistook the pelvic kidney for an ovarian lesion or cyst. Upon the discovery of the pelvic kidney, no further surgery was performed except for the elective removal of the plaintiff's appendix, which is not involved in this lawsuit. Specifically, no surgery was performed on the kidney or other organs. We believe it fair comment to note at this point that, in view of the above, it can be said that there was an incorrect diagnosis and the surgery was unnecessary. We do not state the above to indicate fault or otherwise on the part of anyone. *Page 468 
It is the plaintiff's dispositive position, as indicated by the brief filed by her counsel, that the record before the trial court does not reveal that the pelvic kidney pre-existed the effective date of the policy. Plaintiff's contention must necessarily embrace the further contention that if in fact the pelvic kidney caused the misdiagnosis and resulting surgery, coverage exists even though the operation clearly was not performed on the basis of a diagnosed pelvic kidney.
She bottoms the above, i.e., that the pelvic kidney was not pre-existing, on her affidavit to the trial court. This affidavit stated that on several occasions after the policy was in force (September 1, 1975), she was examined by her physician and no indication was given by her physician that any mass was present.
It is the position of the insurance company that the medical record clearly revealed that the pelvic kidney was in fact congenital and, therefore, pre-existing. Specifically, the insurance company refers to the report of the physicians where it is noted "Congenital (R) Kidney."
This is a difficult case. However, as indicated above, we must reverse.
A plethora of cases say that the party moving for summary judgment must clearly establish that the opposing party could not recover under "any discernible circumstances." Folmar v.Montgomery Fair Co., Inc., 293 Ala. 686, 309 So.2d 818 (1975). Specifically, a summary judgment motion may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Youngv. City of Huntsville, Ala.Civ.App., 342 So.2d 918 (1976),cert. denied Ala., 342 So.2d 924 (1977). Additionally, on appeal from summary judgment, the appellate court looks at the same factors which the court below considered in ruling on the motion. 2A Ala. Digest Appeal Error 863. Furthermore, all reasonable inferences from the facts must be viewed most favorably to the nonmoving party. U.S. v. Diebold, Inc.,369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).
With the above in mind, we cannot say that there is no genuine issue as to any material fact. Specifically, the affidavit of the plaintiff clearly indicates that on several different medical examinations, after the effective date of the policy, no indication was given by the physician of any existing mass, whether caused by an ovarian lesion or a pelvic kidney. The preoperation medical records of the plaintiff's physician are inferentially supportive of this contention. With that in mind, we cannot say that summary judgment was proper.
In the event plaintiff can in fact prove, by competent evidence, the pelvic kidney did not pre-exist within the meaning of the policy, a genuine issue of a material fact will exist. We say that even though the operation was clearly not performed because of the pelvic kidney. In this instance, if the misdiagnosis and resulting surgery were caused by a nonprexisting condition, to wit, the pelvic kidney, coverage may exist.
We believe it appropriate to end this opinion with an extensive quote from Folmar, supra:
 "The defendant has not precluded the possibility, as a matter of law, that the plaintiff might not prove her case. The fact that she is perhaps unlikely to prevail at trial is not a standard to be applied. . . . The judge need not believe the opposing party's evidence in order to deny summary judgment. Nor must he feel that a jury would necessarily believe it. . . . The moving party is trying to show that there is no way whatsoever the other party could recover. Thus summary judgment can only be proper `where it is clear what the truth is.' . . . This is obviously another way of saying that there must not be a genuine issue as to any material fact. . . ." [Emphasis supplied.] (293 Ala. at 691, 309 So.2d at 822)
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 469