Plaintiff Cargill brought suit against defendant Bledsoe upon a written guaranty *Page 736 
by Bledsoe guaranteeing the payment of any indebtedness, up to $10,000, of Roadside Milling Co., Inc. to Cargill. Bledsoe pleaded accord and satisfaction or novation. Plaintiff's motion for summary judgment was granted. Bledsoe appeals. We reverse.
The affidavits and pleadings disclose that Bledsoe and three others were the incorporators and stockholders of Roadside Milling Co., a Georgia corporation, in 1969. Each of them executed bonds guaranteeing payment of purchases made by the corporation from Cargill up to an amount of $10,000. In 1970, Bledsoe sold his stock to the corporation. The corporation notified Cargill and others of the termination of Bledsoe's interest and that he was to be held "free and clear" of any obligation arising from transactions with the corporation.
In May 1971, the remaining stockholders executed other personal guaranty bonds in the amount of $50,000 each to Cargill. In January 1972, they again executed additional guaranty bonds in the amount of $50,000 to Cargill. The affidavit of Frank C. Bailey, president of Roadside Milling, one of the stockholders and guarantors, states that the bonds executed in May 1971, after the sale of Bledsoe's stock to the corporation, were executed to Cargill as substitutes for any prior bond guaranties made by any stockholder of Roadside including that made by Bledsoe. It is that statement, Bledsoe contends, which presents a material issue of fact and makes erroneous the awarding of a summary judgment to plaintiff.
It is interesting to note that the original motion for summary judgment, argued and considered after the filing of the affidavits referred to above was denied by the court. Subsequently, the deposition of defendant was taken and a motion was again made for summary judgment. That motion was argued and submitted, but to a different judge. The latter motion was granted and is the basis for this appeal.
In the order granting summary judgment, the court said that the statement of Bailey that the new bonds issued by the stockholders were executed as substitutes for prior bonds including that of Bledsoe, was a conclusionary statement, and that in any event, a release of the guaranty of Bledsoe would have to be in writing. As no such written release appeared, the plaintiff was granted judgment for $10,000.
Summary judgment is not appropriate unless the supporting materials presented, when viewed most favorably for the opposing party, fail to show a material issue of fact and it is clear that the movant is entitled to judgment as a matter of law. Ancora Corp. v. Miller Oil Purchasing Co., 361 So.2d 1008
(Ala. 1978); Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137
(1975). Put another way, the burden is upon the moving party to clearly establish that the other party could not recover under any discernible circumstances. Folmar v. Montgomery FairCompany, Inc., 293 Ala. 686, 309 So.2d 818 (1975).
We do not agree that the statement of Bailey that the bonds of guaranty made by him and the other stockholders after Bledsoe sold his stock, were executed in lieu of and as substitutes for the original ones, was conclusionary. Neither do we agree that Bledsoe could not be released from his guaranty without a written release. Novation is the substitution of one contract for another, the effect of which is to release or discharge from liability him who is bound by the original contract of which novation is asserted; i.e., the new independent contract extinguishes the old. AmericanNational Bank Trust Co. v. Powell, 235 Ala. 236, 178 So. 21
(1937); Montgomery Bank and Trust Co. v. Jackson, 190 Ala. 411,67 So. 235 (1914). Whether there has been a novation, viz., substitution of a new contract for the old, is a question of intention, which may be deduced from the facts and circumstances. American National Bank Trust Co. v. Powell,supra. The elements of a novation were set out in the case ofHopkins v. Jordan, 201 Ala. 184, 77 So. 710, 711 (1918). They were repeated in the case of Butler v. Walton, 36 Ala. App. 319,56 So.2d 369 (1951). We will not repeat them here. *Page 737 
We view the supporting material of the movant in the same light as the trial judge. We find from that view, that the plaintiff has not precluded the possibility, as a matter of law, that defendant might establish his defense of extinguishment of liability under his bond of guaranty through novation. We find in the material before the court a scintilla of evidence to that end. Summary judgment therefore was improper. Rule 56, ARCP; Committee Comments, Rule 50 (e), ARCP;Studdard v. South Central Bell Telephone Co., 356 So.2d 139
(Ala. 1978).
As the judgment is reversed and set aside, the issue of the right to interest thereon presented by plaintiff's cross-appeal becomes moot.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.