WRIGHT, Presiding Judge.
This is an appeal from a summary judgment.
Plaintiffs brought suit in Montgomery County Circuit Court alleging that the defendant had insured a house owned by them and refused to pay the proceeds of the policy when the house was destroyed by fire.
The defendant filed an amended answer denying coverage. Among other grounds defendant alleged that the plaintiffs did not own an insurable interest in the subject property.
The defendant filed a motion for summary judgment supported by an affidavit prepared by plaintiffs’ attorney during negotiations. The trial court granted the motion on February 20,1980, and plaintiffs appeal.
Summary judgment should be granted only if all the materials on file, together *134 with affidavits, if any, show that there is no genuine issue as to any material fact and that the non-moving party cannot recover under any discernible set of circumstances. Rule 56, ARCP; Bledsoe v. Cargill, Inc., 376 So.2d 735 (Ala.Civ.App.1979).
The parties agree that the only issue before the trial court was whether the plaintiffs had an insurable interest in the subject property.
The affidavit filed in support of defendant’s motion for summary judgment was prepared by plaintiffs’ attorney as an aid in settlement negotiations. The affidavit asserts that the attorney checked the property records in Wilcox County, Alabama, regarding property owned by the Emanuel Anthony estate. It then sets out his findings.
The only other evidence in the record is the plaintiffs’ answers to interrogatories. In these answers they assert that their mother’s father gave the land upon which the house was constructed to their mother as a wedding gift. Their father then constructed the house which was the subject matter of the insurance policy. Their father died in 1953, leaving his wife and the plaintiffs as his sole heirs.
The defendant argues that the affidavit submitted in support of its motion conclusively shows the subject property to be owned by the Emanuel Anthony estate.
The affidavit shows several transactions involving real property owned by Emanuel Anthony. There is no evidence in the record before us that any of these transactions involved the property on which the house was built. There is no evidence establishing the location of the subject property or its connection, if any, with the property shown by the affidavit to be owned by the Emanuel Anthony estate. This affidavit cannot be said to establish the ownership of the subject property.
Having carefully considered the record before the trial court, we cannot say that there is no genuine issue as to whether the plaintiffs owned an insurable interest in the subject matter of the policy. Summary judgment was inappropriate in this case. First National Bank v. Culberson, 342, So.2d 347 (Ala.1977). The judgment of the trial court is reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.