The Circuit Court of Etowah County granted the defendant's Rule 56, ARCP, motion for summary judgment. The plaintiff appeals. The dispositive issue is whether there exists a genuine issue of a material fact so as to bar the granting of summary judgment.
The record reveals the following: The plaintiff instituted proceedings before the Civil Service Board of the City of Gadsden seeking reinstatement to his position as a police officer. He alleged that he had been "wrongfully discharged" from the Gadsden Police Department. The civil service board found it did not have jurisdiction and denied plaintiff relief.
The plaintiff appealed to the Circuit Court of Etowah County.
In plaintiff's petition before the circuit court he alleged that he had been wrongfully forced to resign his position with the Gadsden Police Department. The plaintiff sought reinstatement to his job and back pay and benefits. The defendant filed a motion for summary judgment with accompanying affidavits. The plaintiff filed a counter affidavit. Thereafter, the learned trial judge granted defendant's motion for summary judgment. The trial court's order granting summary judgment was entered on August 21, 1979.
On August 20, 1979, one day prior to the trial court's order granting summary judgment in favor of defendant, the plaintiff filed a "motion for rehearing" on the summary judgment. Among other items, this motion alleged there were questions of fact concerning the condition surrounding the "resignation" of plaintiff. On the 21st day of August, 1979, the trial court set for hearing the plaintiff's "rehearing motion." This hearing was held on September 4, 1979.
At the September 4 hearing, oral testimony was taken. Thereafter, on September 6, 1979, the trial court again granted summary judgment. The trial court's September 6 order states that the plaintiff testified that he was forced to decide between resigning or having termination proceedings instituted against him. The court found that as a matter of law the resignation under the instant circumstances was not brought about by duress.
It is from this September 6, 1979, order that plaintiff appeals.
At the outset, we note that our review of the record reveals that the trial court's action on August 21, 1979, was correct. That is to say, based on the affidavits presented by defendant and the counter affidavit of plaintiff, the trial court did not at that point err in granting summary judgment.
The defendant presented an extensive affidavit of the police chief who allegedly was responsible for the duress in this instance and the affidavits of other city personnel. The plaintiff's counter affidavit merely stated that these other personnel were not present when the plaintiff was "forced" to resign by the police chief. Thus, the counter affidavit did not contradict any of the statements made in the chief's affidavit. Under such circumstances, the trial court must consider the chief's affidavit uncontroverted. *Page 518 Donald v. City Nat. Bank of Dothan, 295 Ala. 320, 329 So.2d 92
(1976).
The chief's affidavit clearly stated that the plaintiff voluntarily submitted his resignation without any coercion or duress. In view of the above, as indicated earlier, the trial court did not at this stage of the proceedings commit reversible error in granting plaintiff's motion for summary judgment.
However, as indicated above, the summary judgment proceeding did not conclude at this juncture. Quite frankly, from a reading of the record before this court we do not fully understand the entire sequence of events. Apparently, the oral testimony was presented pursuant to Rule 43 (e), ARCP. In any event, there was no objection from either party regarding the trial court's action. It is clear, however, that the proceedings on the motion for summary judgment were reopened and sworn testimony was taken and considered.
The plaintiff's testimony at the hearing is as follows:
 Q. . . . What was the substance of your conversation with Chief Cary?
 A. Well, he told me if I didn't resign he was going to run me off.
 Q. Are those the exact words he used or just tell me exactly what he said.
 A. He said he was going to run me off. He's going to fire me if I didn't resign, didn't retire.
The plaintiff testified that the police chief told him this on at least two occasions.
In addition, the plaintiff testified that the chief told him that criminal charges were going to be brought against the plaintiff in connection with a theft of property. He was told that if he resigned, it would "probably go easy" on him. Apparently, the plaintiff contends that this "threat" of criminal charges prefaced the demand that he resign or be fired.
Furthermore, the plaintiff testified he thought at the time that the only way to save his pension was to resign. That is to say, he believed that if he was discharged, he would lose his pension benefits.
Contrary to the learned trial judge, we believe the testimony and other evidence before the trial court presents an issue of fact concerning the alleged forced resignation of plaintiff.
We note that a summary judgment motion may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, ARCP; Green v. Blue Cross-Blue Shield of Alabama, Ala.Civ.App., 358 So.2d 466 (1978).
In addition, the burden is upon the moving party to clearly establish that the other party could not recover under any discernible circumstances. Bledsoe v. Cargill, Inc., Ala.Civ.App., 376 So.2d 735 (1979).
In this instance, if there is a scintilla of evidence supporting the plaintiff's position, so that at trial he would be entitled to present issues of fact to be decided by the jury, the granting of the motion for summary judgment is reversible error. Stated differently, if the evidence, or reasonable inferences therefrom, furnish a mere gleam, glimmer, spark, the least bit, the smallest trace, in support of the plaintiff's complaint, summary judgment is not proper. Wilsonv. Liberty Nat. Life Ins. Co., Ala., 331 So.2d 617 (1976).
In determining whether there is a scintilla of evidence to establish a genuine issue of fact, the record must be viewed in light most favorable to the party opposing the motion for summary judgment. Bledsoe, supra.
With these general propositions of law in mind, we turn to the evidence presented to the trial court.
In this instance, the plaintiff seeks his job back and other relief. He contends that but for the duress of the police chief he would not have resigned his position.
The record, as indicated above, indicates that the plaintiff was faced with criminal charges. Then, he was told to resign and if he didn't he would be "run off." These statements were repeated to the plaintiff on at least two occasions. *Page 519 
Under the statutory framework involved, the police chief could not have unilaterally fired the plaintiff. The law requires a number of procedural steps precedent to termination, including civil service board approval and a right of appeal to the circuit court. At this point, a jury trial is authorized.See Act No. 671, Acts of Alabama 1951. The record indicates that the plaintiff was not familiar with these procedures and thought the chief could in fact "run him off."
In addition, the plaintiff's testimony is that his emotional state at the time of resignation was one of disorientation. He feared the imminent loss of his pension if he did not resign. Furthermore, he was faced with criminal charges and then with repeated threats of firing if he did not resign. The plaintiff contends that the above facts and circumstances present a jury question of whether the plaintiff resigned under duress. We agree. See, McPherson v. Mims, 385 So.2d 44 (Ala. 1980).
Duress is defined as subjecting a person to improper pressure which overcomes his will and coerces him to comply with demands to which he would not yield if acting as a free agent. See, 17 C.J.S. Contracts § 168.
In this instance, the alleged remarks of the police chief were improper since the police chief had no authority to "run the plaintiff off." Given the emotional state of the plaintiff, with special emphasis on his concerns over his pension, it could be reasonably inferred that the alleged improper pressure of the police chief overcame the will of the plaintiff and coerced the plaintiff into resigning.
We find that the above in the context and framework of a summary judgment proceeding, established a scintilla of evidence that the plaintiff yielded to the improper pressure of the police chief and resigned as a result of duress.
We likewise reject the contention that the choice of either resigning or being fired in this instance was not duress as a matter of law. That is, the defendant points out that there is authority for the proposition that offering resignation as an alternative to dismissal when one has the legal right to dismiss the person is not duress. See, 25 Am.Jur.2d Duress andUndue Influence §§ 14, 18.
However, this rule is not applicable in this instance. The statutory framework, as indicated above, gives the plaintiff numerous rights in regards to his employment status. Before the plaintiff could have been fired, cause must have been shown, civil service board approval obtained, and notice and a hearing given to the plaintiff. In addition, an appeal from any such decision to the circuit court would have been afforded to the plaintiff with the right to a jury trial. Act No. 671, Acts of Alabama 1951. Therefore, the chief had "no legal right to fire the plaintiff."
If the plaintiff was forced to resign in the manner in which he claims, thereby relinquishing the above procedural rights, it cannot be said at this stage of the proceedings that as a matter of law there was no duress involved. This is especially so in view of the facts, as indicated above, concerning the plaintiff's mental state at the time of the "resignation" and the police chief's alleged statements which were tantamount to a command that the plaintiff resign.
In view of the above, the trial court erred in granting summary judgment.
This case should be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 520