This is an appeal from an order of the trial court granting summary judgment for appellee, Carolyn Markham Shoults, against appellant, B.E. Williamson. The case arose from the following facts:
Plaintiff (appellant) Williamson married Gladys C. Williamson in 1945. Both had been married once before, and both had children by previous marriages. Mrs. Williamson had four children by her previous marriage. Mr. Williamson had one. The couple remained married until Mrs. Williamson's death January 4, 1981. Carolyn Markham Shoults, one of Mrs. Williamson's children, was named executrix of her mother's estate under the terms of the will. The will left everything to Mrs. Williamson's children. The piece of real estate involved in this case is a house and lot located in Montgomery, Alabama, left to the defendant Shoults.
On April 13, 1960, more than twenty years before her death, Williamson loaned his wife $5,500, evidenced by a promissory note secured by a mortgage on the house and lot. The note provided for quarterly payments on the principal of $137.50. Interest at six percent on the remaining balance was due with each payment. The interest for the first quarter in the amount of $82.50 was withheld from the loan check.
When the first payment became due on July 13, 1960, the couple had a brief discussion wherein, according to Mr. Williamson, *Page 876 
his wife said she didn't know whether she wanted to pay it or not. Mr. Williamson asked her to pay but did not pursue the matter any further, nor did he discuss the matter of the mortgage again until he filed this suit September 23, 1981, several months after her death.
The suit began with a claim for collection of the note. Williamson subsequently advertised foreclosure of the mortgage. He also filed claims in the estate claiming homestead rights in the home where he and his wife resided. All these matters were subsequently consolidated in circuit court. There, after discovery, motions for summary judgments were filed by each side.
The trial court, after consideration of the pleadings, briefs, depositions, affidavits, exhibits, and argument of counsel, entered summary judgment for Mr. Williamson on four of five issues. Issue five related to the only disputed item and the only issue presently on appeal — the enforceability of the note and mortgage. On this issue the court granted summary judgment for Mrs. Shoults, stating that "equitable principles are controlling in determining this issue." This order granted Mrs. Shoults' motion for summary judgment, wherein she asserted as grounds for the granting of the motion that the equitable doctrine of laches applied. It is from this order granting that motion that Williamson appeals.
On appeal from granting of summary judgment, this court looks to the same factors which the trial court considered in ruling on the motion. Green v. Blue Cross-Blue Shield of Alabama,358 So.2d 466 (Ala.Civ.App. 1978). Therefore we must consider whether the trial court correctly applied the doctrine of laches to the facts of the present case. Bromberg v. FirstNational Bank of Mobile, 235 Ala. 226, 178 So. 48 (1938).
Laches is a doctrine of equity. In speaking of the doctrine, Chief Justice Taney said in the case of McKnight v. Taylor, 42 U.S. (1 How.) 161, 168, 11 L.Ed. 86 (1843):
 "We do not found our judgment upon the presumption of payment; for it is not merely on presumption of payment or in analogy to the statute of limitations that a court of chancery refuses to lend its aid to stale demands. There must be conscience, good faith and reasonable diligence to call into action the powers of the court. In matters of account, where they are not barred by the act of limitations, courts of equity refuse to interfere after a considerable lapse of time, from considerations of public policy, and from the difficulty of doing entire justice, when the original transactions have become obscure by the lapse of time and the evidence may be lost."
The above quotation appeared in the opinion of the Alabama Supreme Court in the case of Salmon, Administrator v. Wynn,Administrator, 153 Ala. 538, 45 So. 133 (1907), and was repeated in that court's opinion in Creel v. BaggettTransportation Co., 284 Ala. 47, 221 So.2d 683 (1969). The court in Creel also repeated other statements and quotations from Salmon such as:
 "The principle [principal] foundations of the doctrine are acquiescence and lapse of time. But other circumstances will be taken into consideration. Thus it is material circumstance that the claim is not made until after the death of him who could have explained the transaction. (Citations omitted.) It has been well said by Davis, J., in McQuiddy v. Ware, 20 Wall. (U.S.) 14, 19, 22 L.Ed. 311: `There is no artificial rule on such a subject, but each case as it arises must be determined by its own particular circumstances.' In other words, it would seem that the question is addressed to the sound discretion of the chancellor in each case."
It is the contention of the appellant, Williamson, that mere laches within the statute of limitation of the cause of action is not a bar. He contends that the action on the note and foreclosure of the mortgage were brought within the six-year statute of limitation from the maturity date of the note. He presents that maturity date as October 23, 1975. The note is before us and we find its maturity date to be otherwise.
We have previously noted that the note and mortgage were executed on April *Page 877 
13, 1960, in the principal amount of $5,500. Payments of $137.50 were to be made quarterly thereafter with interest at six percent per annum payable on the remaining unpaid balance at each payment period. Thus, all payments matured at the end of ten years, or April 13, 1970. Though the note and mortgage contained an optional acceleration clause, our cases have historically considered such clause to be for the benefit of the creditor. Unless he exercises the option, the debt does not mature for the purpose of the statute of limitation until the last installment is due and unpaid. Summers v. Wright, 231 Ala. 372,165 So. 87 (1935).[1] Therefore, the statute of limitation for a suit on the note of six years had run prior to the filing of the suit on September 23, 1981.
Though recovery on the note is barred by a statute of limitation, the running of such statute on the note does not prevent foreclosure of the mortgage given as security therefor. There is no statute of limitation on the foreclosure of a mortgage. It is only when the mortgage debt has been due after maturity for a time sufficient to raise a presumption that the same has been satisfied that mere delay will furnish a defense to foreclosure. That time is ordinarily twenty years. Barton v.Lumpkin, 277 Ala. 394, 171 So.2d 101 (1965). § 35-10-20, Code of Alabama 1975.
The rule of prescription or presumption referred to is an absolute bar to foreclosure. However, the application of laches is not dependent upon the passage of such period of time. Laches, as we have previously defined it, is an equitable defense to be applied where from delay, loss of evidence, and death, any judgment would be conjectural and difficult to do justice. It is not necessary that the court be satisfied that the claim is unjust or has been satisfied. Laches may be applied even though the claim is not barred by the statute of limitations nor barred by the twenty-year rule of prescription.McCary v. Robinson, 272 Ala. 123, 130 So.2d 25 (1961); Usseryv. Darrow, 238 Ala. 67, 188 So. 885 (1939).
The court said in Snodgrass v. Snodgrass, 176 Ala. 276,58 So. 201 (1912): "This court has applied this principle, even where the period of twenty years has not elapsed, but from other circumstances, such as the death of parties, etc., it is deemed inequitable to open up the transactions." (Citations omitted.)
The trial court had presented to it in support of the answer of laches affidavits and exhibits showing the execution of the note and mortgage by the wife to the husband in April 1960. The husband admitted in his testimony that he and the wife lived together until her death in 1981. They carried on other transactions of buying and selling real estate together, the wife deeding to him certain property for which he assumed the mortgage thereon. The involved note and mortgage were upon rental property adjoining or near the home where the parties lived until the death of the wife. Presumably the rents were collected thereon. The only time the alleged indebtedness was ever mentioned was when the first payment came due and the wife told him she didn't think she was going to pay it. It was never referred to again for over twenty years. She died and he learned for the first time that the wife had willed the property to her daughter. He then filed a claim against the estate, brought suit on the note and advertised foreclosure.
Considering the evidence before it as to such matters as the period of more than twenty years elapsing with no payment on or reference to the debt, the death of the wife, the confidential relationship between a husband and wife, other business dealings between them, contribution to the family expenses by the wife, occupancy of the property of the wife as a home, this court *Page 878 
finds ample support for the exercise of the trial court's discretion in the finding of laches.
Williamson contends in brief that the defense of laches is not available in an action to foreclose a mortgage. That contention is incorrect. Foreclosure of a mortgage is per se a matter of equity jurisdiction. Wilson v. Crocker, 267 Ala. 26,99 So.2d 190 (1957).
The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] However this court in following Summers appeared to be overruled by the supreme court on certiorari in the recent case of Ex parte Fletcher, [Ms. October 29, 1982] (Ala. 1982). That decision appears to hold that the creditor's cause of action on a note with an acceleration clause arises at the first default whether or not the creditor waives default and fails to accelerate the date of maturity.