ADAMS, Justice.
Defendant-appellant, Delaney’s, Inc., appeals from the judgment and order of the Circuit Court of Mobile County granting a petition to enjoin foreclosure of a mortgage on the home of plaintiff-appellee, Betty Pritchard.
The plaintiff and her late husband, James R. Pritchard, executed a promissory note and mortgage to defendant on March 1, 1968. The note was for a principal indebtedness of $10,000.00 and was secured by a duly recorded mortgage upon Pritch-ard’s home. The note was to be paid in five annual installments of $2,000.00 each, with the first payment due on March 1, 1969.
James Pritchard negotiated the loan with his uncle, E.E. Delaney, who was the president of the defendant corporation when the loan transaction was consummated. James Pritchard performed accounting work for E.E. Delaney and the defendant corporation for several years in his capacity as a certified public accountant.
Following a lengthy illness, James Pritchard died in December of 1978. At that time, there was no indication that Mr. Pritchard had ever made a payment on the note. There is no evidence that any payment was made on the debt at any time. E.E. Delaney died in October of 1984.
Mr. Pritchard exclusively handled the financial affairs of his family. Although he provided for the orderly management of his finances in anticipation of his death and discussed these matters with the plaintiff, his wife, Mr. Pritchard neither mentioned to her, nor made provisions for, the payment of defendant’s note.
In October 1984, shortly before his death, Mr. Delaney contacted plaintiff and informed her that the debt had not been paid and that the outstanding indebtedness was now $22,000.00, which he requested that she pay. Plaintiff met with Mr. Delaney and he proposed that plaintiff pay $5,000.00 in cash, execute a security agreement and assignment of plaintiffs expectancy in her mother-in-law’s estate, and execute a new mortgage at an increased rate of interest to secure the balance of the debt. Plaintiff refused to execute the documents.
Although plaintiff did not deny the existence of the debt, she testified that she did not recall executing the original documents and was unaware of the indebtedness to defendant until she was contacted by Mr. Delaney. In addition, plaintiff was unable to locate many of Mr. Pritchard’s financial records because they were destroyed by either a hurricane or later by a fire which damaged plaintiffs home.
In November 1984, defendant requested that plaintiff execute the aforesaid documents or face foreclosure of the mortgage. Plaintiff petitioned the trial court to enjoin foreclosure of defendant’s mortgage, and a preliminary injunction was granted on November 11, 1984. After considering the plaintiffs petition, pleadings, and trial briefs and the testimony of witnesses at a hearing on the matter, the trial court granted plaintiffs petition, permanently enjoining defendant from foreclosure of its mortgage, finding that the enforcement of defendant’s mortgage was barred by the laches doctrine.
Defendant argues that the trial court erred by applying the laches doctrine to preclude defendant’s foreclosure of its mortgage under the circumstances of the present case. We disagree and affirm.
The trial court found the case of Williamson v. Shoults, 423 So.2d 874 (Ala.Civ.App.1982), controlling in the instant case. We think, as did the trial court, that Williamson and the authority relied upon therein are dispositive of the issue on appeal. In Williamson, the Court of Civil Appeals affirmed the trial court’s determination that the attempted foreclosure of a mortgage securing a note given to one spouse by the other over 20 years earlier and upon which no payment was ever made was unenforceable by the spouse due to laches. The Williamson court stated the following about the defense of laches:
Laches is a doctrine of equity. In speaking of the doctrine, Chief Justice
*1206 Taney said in the case of McKnight v. Taylor, 42 U.S. (1 How.) 161, 168, 11 L.Ed. 86 (1843):
“We do not found our judgment upon the presumption of payment; for it is not merely on presumption of payment or in analogy to the statute of limitations that a court of chancery refuses to lend its aid to stale demands. There must be conscience, good faith and reasonable diligence to call into action the powers of the court. In matters of account, where they are not barred by the act of limitations, courts of equity refuse to interfere after a considerable lapse of time, from considerations of public policy, and from the difficulty of doing entire justice, when the original transactions have become obscure by the lapse of time and the evidence may be lost.”
The above quotation appeared in the opinion of the Alabama Supreme Court in the case of Salmon, Administrator v. Wynn, Administrator, 153 Ala. 538, 45 So. 133 (1907), and was repeated in that court’s opinion in Creel v. Baggett Transportation Co., 284 Ala. 47, 221 So.2d 683 (1969). The court in Creel also repeated other statements and quotations from Salmon such as:
“The principle [principal] foundations of the doctrine are acquiescence and lapse of time. But other circumstances will be taken into consideration. Thus it is a material circumstance that the claim is not made until after the death of him who could have explained the transaction. (Citations omitted.) It has been well said by Davis, J., in McQuiddy v. Ware, 20 Wall. (U.S.) 14, 19, 22 L.Ed. 311: ‘There is no artificial rule on such a subject, but each case as it arises must be determined by its own particular circumstances.’ In other words, it would seem that the question is addressed to the sound discretion of the chancellor in each case.”
423 So.2d at 876.
We think it helpful to add the following statement of the rule as set out in Rives v. Morris, 108 Ala. 527, 18 So. 743 (1895), citing numerous authorities:
In adopting this view we go upon the well-established doctrine of equity that “where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties, as to render it difficult, if not impossible, to do justice, the plaintiff will, by his laches, be precluded from relief; and it is not even necessary that the court should be satisfied that the original claim was unjust, or has been satisfied.” ... The application of this equitable doctrine is for the sound discretion of the equitable forum, and does not require the conviction of the court against the original justice of the claim or of any other specific ground of defense but its belief that under the circumstances of the case it is too late to ascertain the merits of the controversy.
108 Ala. at 530-31, 18 So. at 744-45 (citations omitted).
In applying the laches doctrine to the belated foreclosure of a mortgage, the Williamson court said:
Though recovery on the note is barred by a statute of limitation, the running of such statute on the note does not prevent foreclosure of the mortgage given as security therefor. There is no statute of limitation on the foreclosure of a mortgage. It is only when the mortgage debt has been due after maturity for a time sufficient to raise a presumption that the same has been satisfied that mere delay will furnish a defense to foreclosure. That time is ordinarily twenty years. Barton v. Lumpkin, 277 Ala. 394, 171 So.2d 101 (1965). § 35-10-20, Code of Alabama 1975.
The rule of prescription or presumption referred to is an absolute bar to foreclosure. However, the application of laches is not dependent upon the passage of such period of time. Laches, as we have previously defined it, is an equitable defense to be applied where from delay, *1207 loss of evidence, and death, any judgment would be conjectural and difficult to do justice. It is not necessary that the court be satisfied that the claim is unjust or has been satisfied. Laches may be applied even though the claim is not barred by the statute of limitation nor barred by the twenty-year rule of prescription. McCary v. Robinson, 272 Ala. 123, 130 So.2d 25 (1961); Ussery v. Darrow, 238 Ala. 67, 188 So. 885 (1939).
423 So.2d at 876-77.
Applying the reasoning set forth in Williamson to the facts of the case at hand, we think that the evidence is sufficient to uphold the trial court’s application of laches and, therefore, the court did not abuse its discretion.
The evidence before the trial court revealed that over 16 years had passed since the execution of the mortgage without a single demand for payment of the debt or the institution of any legal action to enforce the note or foreclose the mortgage. There was no evidence, either way, that directly showed that any portion of the debt had been, or had not been, paid. The loan transaction was between two family members, both of whom are now deceased. There is no person living who has personal knowledge of the transaction when consummated. In addition, there was testimony that Mr. Pritchard performed accounting services for Mr. Delaney and the defendant for many years. The plaintiff has indicated that she has no recollection of executing the note or mortgage, does not have knowledge about the transaction, and has no remembrance about what became of any proceeds from the loan. Any records kept by Mr. Pritchard that would reflect the status of the debt subsequent to its inception were destroyed by either a hurricane or fire. The court could properly find, as it did, that these circumstances present a situation in which any judgment in favor of the defendant would be uncertain and make it difficult to do justice. We cannot say that the trial court was in error in so finding.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.